UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:13-cv-00291-ORL-36-TBS

Causeway Landings, Ltd., a Florida Limited
Partnership; Causeway Landings Park, LLC, a
Florida Limited Liability Company; Causeway
Landings Commercial, LLC, a Florida Limited
Liability Company; FL Tax Holdings 2010,
Ltd.; Atlantic Housing Partners L.L.L.P., a
Florida Limited Liability Partnership; CPG
Construction, L.L.L.P., a Florida Limited
Liability Partnership; Concord Management,
Ltd., a Florida Limited Partnership

       Plaintiffs,

v.

City of New Smyrna Beach, Florida, a political
subdivision of the State of Florida,

       Defendant.

_____ /

## AMENDED COMPLAINT

Causeway Landings, Ltd., a Florida Limited Partnership, Causeway Landings Park, LLC,

a Florida Limited Liability Company, Causeway Landings Commercial, LLC, a Florida Limited

Liability Company, FL Tax Holdings 2010, Ltd. (collectively "Causeway Landings"), Atlantic

Housing Partners, L.L.L.P. ("AHP"), CPG Construction, L.L.L.P. ("CPG"), and Concord

Management, Ltd. (collectively "Plaintiffs"), by and through their undersigned attorneys, sue the

City of New Smyrna Beach, Florida ("New Smyrna Beach" or the "City"), and state as follows

in support hereof:

## JURISDICTION AND VENUE

1.     Causeway Landings, Ltd. is a Florida Limited Partnership doing business in

Florida.

2.    Causeway Landings Park, LLC is a Florida Limited Liability Company doing business in Florida.

3.    Causeway Landings Commercial, LLC is a Florida Limited Liability Company doing business in Florida.

4.    FL Tax Holdings 2010, Ltd. is a Florida Limited Partnership doing business in Florida.

5.    AHP is a Florida Limited Liability Limited Partnership doing business in Florida.

6.    CPG is a Florida Limited Liability Limited Partnership doing business in Florida.

7.    Concord Management is a Florida Limited Partnership doing business in Florida.

8.    New Smyrna Beach is a political subdivision of the State of Florida, is organized under the laws of the State of Florida, and is located in this District and Division.

9.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343.   This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367 as these claims are so related to Plaintiffs' federal law claims that they form part of the same case or controversy.

10.    Venue is proper in the Middle District of Florida as all of the acts giving rise to this action occurred therein.

**FACTUAL BACKGROUND**

11.    Causeway Landings are the owners of certain property located within the Mainland Community Redevelopment Agency District and the North Causeway Neighborhood in New Smyrna Beach (the "Property"), which is zoned for mixed use and multifamily residential.

12.     In 2012, Causeway Landings and AHP initiated a plan for AHP to develop the Property into an income-restricted, or affordable housing, apartment community (the "Project"), with a portion of the Property to be developed as commercial.

13.     CPG is to construct the Project.

14.     Once completed, Concord will manage the Causeway Landings Apartments.

15.     Causeway Landings planned to fund a substantial portion of the Project with federal tax-exempt bond and tax credit resources allocated through the Volusia County Housing Finance Authority and Florida Housing Finance Corporation, the use of which places restrictions on the eligibility requirements for the tenants in the Project.

16.     To develop the Property in an economically feasible manner that will allow for it to be a rent and income-restricted community eligible for the referenced federal resources, Causeway Landings applied to the City for a variance to reduce the number of required parking spaces from 626 parking spaces to 450 parking spaces (a reduction of 176 parking spaces) (the "Variance").

17.     In support of this request, Causeway Landings had a "Parking Demand Evaluation" prepared by GMB Engineers & Planners, Inc. ("GMB"), which it submitted to the City's Planning & Zoning Department (the "Evaluation").

18.     In the Evaluation, GMB reviewed several existing parking studies conducted on four (4) communities developed by AHP, which were recently constructed and have similar operating characteristics, including rental and income restrictions, as the Project

19.     GMB also looked at the Institute of Transportation Engineers ("ITE") Parking Manual, which has a standard of 0.3 to 1.2 parking spaces per unit for multi-family developments such as the Project.

20.     Utilizing the maximum number of parking spaces provided for pursuant to the ITE Parking Manual, a maximum of 287 parking spaces would be appropriate for the Project.

21.     Based upon a review of the existing parking studies and the ITE Parking Manual, GMB concluded that a parking ratio of 1.19 parking spaces per unit (which would equal 284 parking spaces for the Project) - as opposed to the approximately 2.46 spaces per unit required for this Project under Section 604.09 of the City's Land Development Regulations - was far more than sufficient to accommodate the residential parking demand of the Project.

22.     In the Variance, Causeway Landings requested approximately 1.73 parking spaces per residential unit and another 37 parking spaces for the portion of the property that will be commercial (as required under the City's Land Development Regulations).

23.     In addition to the Land Development Regulations that apply to the Property, the Property is also governed by a prior development agreement (the "Development Agreement").

24.     The Development Agreement limits residential development on the Property to 202 units and requires the satisfaction of other development criteria.

25.     It is not economically feasible for the Project to be constructed under the criteria contained in the Development Agreement, as it would not be achievable for a project developed under such conditions to be operated as a rent and income-restricted community.

26.     Accordingly, in addition to the application for the Variance, Causeway Landings also applied for an amendment to the Development Agreement to remove the approved marina use, to decrease the approved building height, to increase the number of permitted residential units from 202 to 239, to revise the phasing and to incorporate a revised conceptual development plan, as well as certain other revisions.

27.     In evaluating Causeway Landings' requested amendments, the City's staff found a number of the requests to be in compliance with the City's Comprehensive Plan, the Land Development Regulations and the North Causeway Area Study. A true and correct copy of the Causeway Landings Development Agreement Amendment Staff Report is attached hereto as Exhibit "A".

28.     For example, the City's staff found the request to increase the number of units from 202 to 239 to be consistent with the maximum density permitted by the High Density Residential and Mixed Use future land use categories and did not object to the City's approval thereof. *See* Exhibit "A", p. E-5.

29.     On January 7, 2013, Causeway Landings' variance request and request for amendment to the Development Agreement were considered by the City's Planning & Zoning Board.

30.     At the hearing, Causeway Landings set forth evidence that the higher number of parking spaces that were required by the City's Land Development Regulations was not necessary for the Project and the number requested in the Variance was more than sufficient to accommodate the residential parking demand of the Project

31.     Causeway Landings also established that it would not be physically possible to include all of the parking spaces required under the City's Land Development Regulations on the Property without raising the buildings to place parking under the buildings.

32.     Causeway Landings further established that raising the buildings to accommodate all of the required parking would cause the Project to be too expensive to allow it to be an affordable housing community.

33.     Despite this evidence and a recognition that the City's minimum required parking ratios are higher than those identified in both the Evaluation and the ITE Parking Manual, the City's Planning & Zoning Board denied the Variance, which denial constituted the final action of the City on that request.

34.     The City's Planning & Zoning Board also denied Causeway Landings' request to amend the Development Agreement even though the City's staff determined that a majority of the requested revisions were consistent with City Land Development Code.

35.     Subsequently, on February 12, 2013, the City of New Smyrna Beach City Commission also denied Causeway Landings' request to amend the Development Agreement.

36.     New Smyrna Beach's arbitrary denial of the requested variance and amendment to the Development Agreement has altogether frustrated Causeway Landings' efforts to develop the Project, and has jeopardized Causeway Landings favorable affordable-housing financing through Volusia County Housing Finance Authority and the Florida Housing Finance Corporation that is necessary for the Property to be economically feasible as a qualified low-income housing development.

37.     New Smyrna Beach's arbitrary denial of the requested variance and amendment to the Development Agreement has served to perpetuate segregated housing patterns in and around New Smyrna Beach by preventing the development of affordable multi-family rental housing on appropriately zoned property, which housing would be utilized by diverse persons and groups of persons. As a result of Causeway Landings and AHP's inability to develop the Project, CPG, and Concord Management have not received the benefits of the various agreements they entered into with respect to the proposed development.

38.     Moreover, based on statistical housing patterns, demographic statistics for the market area, and racial population disparities within the market area, denial of the requested variance and amendment to the Development Agreement has a clear and negative disparate impact on racial minorities, denying them their rights to housing.

## COUNT I: ACTION FOR VIOLATION OF THE FEDERAL FAIR HOUSING ACT, 42 U.S.C. §§ 3604 AND 3613

39.     This is an action by Plaintiffs against New Smyrna Beach for violation of the Federal Fair Housing Act, 42 U.S.C. §§ 3604 and 3613.

40.     Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 38 above.

41.     New Smyrna Beach violated the Federal Fair Housing Act, 42 U.S.C. §3604(a), by denying the approvals that are necessary for the housing development, thereby making unavailable or denying dwellings to persons because of race and by its actions, unlawfully obstructed Causeway Landings' right and ability to develop and market the proposed Causeway Landings Apartment Project, a multi-family affordable housing community.

42.     New Smyrna Beach violated the Federal Fair Housing Act, 42 U.S.C. §3604(a), by refusing to grant Causeway Landings' application for the Variance and amendment to the Development Agreement, resulting in a disparate impact on racial minorities. New Smyrna Beach's actions were unwarranted and, as applied, have the discriminatory effect of having a greater adverse impact on racial minorities than on other groups.

43.     New Smyrna Beach's actions have a disparate impact on racial minorities within the market area qualified to rent affordable multi-family housing in the Project.

44.     As a result of the actions taken by New Smyrna Beach, Plaintiffs have been injured.

45.     Under 42 U.S.C. §3613, Plaintiffs have a cause of action for violation of the Federal Fair Housing Act, for which they are entitled to actual and punitive damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request that this Court enter a Judgment against New Smyrna Beach for actual and punitive damages, including reasonable attorneys' fees and costs; and that this Court grant such other and further relief, including equitable relief, as the Court deems just and proper.

## COUNT II:  ACTION FOR VIOLATION OF THE FLORIDA FAIR HOUSING ACT, FLORIDA STATUTES §§ 760.23, 760.26 AND 760.35

46.     This is an action by Plaintiffs against New Smyrna Beach for violation of the Florida Fair Housing Act, Florida Statutes §§ 760.23, 760.26 and 760.35.

47.     Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 38 above.

48.     New Smyrna Beach violated the Florida Fair Housing Act, Florida Statutes §§ 760.23(1) and 760.26, by making unavailable or denying a dwelling to a person because of race and by its actions, unlawfully obstructed Causeway Landings' right and ability to develop and market the proposed Causeway Landings Apartment Project, a multi-family affordable housing community.

49.     New Smyrna Beach violated the Florida Fair Housing Act, Florida Statutes §§ 760.23(1) and 760.26, by discriminating against racial minorities when it refused to grant Causeway Landings' application for the Variance and amendment to the Development Agreement.   New Smyrna Beach's actions were unwarranted and, as applied, have the discriminatory effect of having a greater adverse impact on racial minorities than on other groups.

50.     New Smyrna Beach violated the Florida Fair Housing Act, Florida Statutes §
760.26, by discriminating against racial minorities, the result of which was to cause Causeway
Landings to lose federal financing sources that were to finance the development of the Causeway
Landings Apartment Project.

51.     New Smyrna Beach's actions have a disparate impact on prospective racial
minorities seeking to rent affordable multi-family housing in the area.

52.     As a result of the actions taken by New Smyrna Beach, Plaintiffs have been
injured.

53.     Under Florida Statutes §760.35, Plaintiffs have a cause of action for violation of
the Florida Fair Housing Act, for which they are entitled to actual and punitive damages, plus
reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request that this Court enter a Judgment against
New Smyrna Beach for actual and punitive damages, including reasonable attorneys' fees and
costs; and that this Court grant such other and further relief, including equitable relief, as the
Court deems just and proper.

## COUNT III: ACTION FOR INJUNCTIVE RELIEF UNDER THE FEDERAL FAIR HOUSING ACT, 42 U.S.C. §§3604 AND 3613

54.     This is an action by Plaintiffs against New Smyrna Beach for injunctive relief
under 42 U.S.C. §§ 3604 and 3613.

55.     Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 38
above.

56.     New Smyrna Beach acted knowingly, intentionally, willfully, wantonly, and with
reckless disregard for Plaintiffs' rights by denying Causeway Landings' application for the
Variance and amendment to the Development Agreement, and by taking such other actions

described above to delay, prevent and otherwise frustrate the construction of the Causeway Landings Apartment Project.

57. Plaintiffs are being injured by New Smyrna Beach's discriminatory practices and are aggrieved persons under the Federal Fair Housing Act.

58. Under 42 U.S.C. §3613, Plaintiffs have a cause of action for violation of the Federal Fair Housing Act for which they are entitled to permanent injunctive relief, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request this Court (1) declare that the actions of New Smyrna Beach constitute a violation of the Federal Fair Housing Act; (2) enter a permanent, mandatory injunction ordering New Smyrna Beach to grant the requested variance and amendment to the Development Agreement; (3) award Plaintiffs their reasonable attorneys' fees and costs; and grant such other and further relief, including equitable relief, as the Court deems just and proper.

## COUNT IV: ACTION FOR INJUNCTIVE RELIEF UNDER THE FLORIDA FAIR HOUSING ACT, FLORIDA STATUTES §§ 760.23, 760.26, AND 760.35

59. This is an action by Plaintiffs against New Smyrna Beach for injunctive relief under Florida Statutes §§ 760.23, 760.26, and 760.35.

60. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 38 above.

61. New Smyrna Beach acted knowingly, intentionally, willfully, wantonly, and with reckless disregard for Plaintiffs' rights by denying Causeway Landings' application for the Variance and amendment to the Development Agreement, and by taking such other actions described above to delay, prevent and otherwise frustrate the construction of the Causeway Landings Apartment Project.

62.     Plaintiffs are being injured by New Smyrna Beach's discriminatory practices and are aggrieved persons under the Florida Fair Housing Act.

63.     Under Florida Statutes §760.35, Plaintiffs have a cause of action for violation of the Florida Fair Housing Act for which they are entitled to permanent injunctive relief plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request this Court (1) declare that the actions of New Smyrna Beach constitute a violation of the Florida Fair Housing Act; (2) enter a permanent, mandatory injunction ordering New Smyrna Beach to grant the requested Variance and amendment to the Development Agreement; (3) award Plaintiffs their reasonable attorneys' fees and costs; and grant such other and further relief, including equitable relief, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury for all issues so triable.

Dated this 23rd day of July, 2013.

/s/ Rebecca E. Rhoden
**Michael V. Elsberry**
Florida Bar No. 0191861
michael.elsberry@lowndes-law.com
**Rebecca E. Rhoden**
Florida Bar No. 0019148
rebecca.rhoden@lowndes-law.com
Lowndes, Drosdick, Doster, Kantor & Reed. P.A.
215 North Eola Drive
Post Office Box 2809
Orlando, Florida 32802-2809
Telephone: (407) 843-4600
Facsimile: (407) 843-4444
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of July, 2013, I electronically filed the foregoing with the Clerk of the Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have registered to receive notices from the Court under the CM/ECF system.

/s/ Rebecca E. Rhoden
Rebecca E. Rhoden

0909692\157429\1488176v6